United States District Court
Southern District of New York
-----------------------------------------------

We Are the People Inc. and Jacob Milton,

                     Plaintiff,           Case No. 1:19-CV08871-JMF

-  against -

Facebook, Inc., Mark Zuckerberg,          **AFFIDAVIT IN OPPOSITION**
Sheryl Sandberg

                     Defendants,

-----------------------------------------------

**John P. DeMaio**                                       **State of New York**
Being Duly Sworn                                 City of New York
Deposes and Says

      I am admitted to practice in This Court. I represent the Plaintiffs, We Are the People Inc., and Jacob Milton.

      As previously stated, the Amended Complaint explicitly denies Subject Matter Jurisdiction upon the ground that Diversity of Citizenship does not exist **(A)**; and there is no evidence before This Court for Diversity purposes as to the principle place for business of Defendant Facebook, Inc. whose corporate offices are located at 770 Broadway, New York NY 10003 **(B)**; or evidence as to the location of its "nerve center" where "the majority of its executive and administrative functions are employed".

      Further, upon information and belief, both individual Defendants maintain residences in New York State; and whether either maintains a permanent residence in New York State is a matter that should also be litigated following disclosure.

      It is respectfully submitted that This Court is imposing a completely unreasonable burden, in violation of due process, upon the Plaintiffs.

This Action was brought in State Court by a sole practitioner by litigants who are not wealthy.

At commencement of the case, I had no reason to believe that Removal was imminent.

It is not realistic to expect a litigant of limited means to have conducted a complete investigation and review of Facebook's executive and administrative functions within the State of New York and compare it to every other location in every other state throughout the Nation at the very moment of Removal.

A Decision denying fundamental and customary disclosure on an issue as basic as Subject Matter Jurisdiction is why my client and so many others believe "the big boy always wins, The Court always favors the big guys". I do not agree with this conclusion, but believe it is an understandable conclusion.

My office is, simply stated, completely unable in the six days since Your Honor's memo Decision of November 19th, 2019 **(C)** to have determined whether the massive headquarters of Facebook at 770 Broadway, New York 10003 **(B)** is the "nerve center".

Fundamental and basic inquiry is required, namely the functions and the activities of Facebook in New York State and whether any other Court has determined the "nerve center" of Facebook, Inc.

Moreover, basic disclosure is required to determine whether for Diversity purposes the individual Defendants maintain a residence in New York which would defeat Diversity. These are public persons who, understandably, maintain their privacy. It would be virtually impossible for my office to, at the moment of Removal, to ascertain the residency of these individual litigants.

Not allowing even a basic inquiry violates fundamental due process since my clients are not being given an opportunity to be heard, based upon information needed to argue.

Subject Matter Jurisdiction should be resolved before This Court proceeds further.

**WHEREFORE THE MOTION SHOULD BE DENIED.**

Sworn this 25th day of

November, 2019

*[signature]*

WILLIE R. LAYSON
NOTARY PUBLIC-STATE OF NEW YORK
NO. 01LA6333814
QUALIFIED IN KINGS COUNTY
MY COMMISSION EXPIRES 12-07-2019

*[signature]*

**John DeMaio**
Attorney for Plaintiff
75 Maiden Lane, Suite 205
New York, NY 10038
Tel (212) 405-2104
Fax (646) 202-1439
johnpdemaio@yahoo.com

# EXHIBIT A

United States District Court
Southern District of New York
-------------------------------------------------
We Are the People Inc. and Jacob Milton,

                      Plaintiff,        Case No. 1:19-CV08871-JMF

- against -

Facebook, Inc., Mark Zuckerberg,      **AMENDED COMPLAINT**
Sheryl Sandberg

                      Defendants,

-------------------------------------------------

The Plaintiffs, We Are The People, Inc. and Jacob Milton, complaining of Defendants by their Attorney, **John P. DeMaio, Esq.**, upon information and belief respectfully alleges:

### Jurisdiction

This Court lacks Subject Matter Jurisdiction. Otherwise, Venu is proper based upon Residences.

### Parties

1.    The Plaintiff, Jacob Milton, was and is a resident of New York State living in Queens County, New York, and doing business in Queens County, New York.

2.    The Plaintiff, We Are The People, Inc. is a not-for-profit New York Corporation (the Corporation) and the Plaintiff Jacob Milton is its Chief Operation Officer. The Plaintiff Milton was born into a prominent Muslim Family in Bangladesh and continues to be a naturalized, Bangladeshi-born, United States Permanent Resident.

1

3.  Since his arrival to the United States, Mr. Milton has been a community activist for immigrants from all over the world.

4.  The Plaintiff Milton personally and through the Corporation has been supporting of Human and Civil Rights activism in order to restore democracy in third world countries, especially in Bangladesh where the government is engaged in ethnic cleansing, systematic violation of human and civil rights on a daily basis, including kidnapping and killing proponents of human rights,

5.  The lead Defendant, Facebook, Inc., was and is a Delaware Corporation, with headquarters located in California, and was authorized at all times complained of to do business in New York State; and is a Resident of New York for Diversity Purposes.

6.  The Co-Defendants, Mark Zuckerberg, Sheryl Sandberg, were and are - upon information and belief - the owner(s) and operator(s) of Defendant, Facebook, Inc., and are Residents of New York for Diversity purposes.

**FACTS**

7.  In or prior to the Year 2014 the Defendants organized and incorporated Facebook, Inc. for the publicly stated purpose of facilitating personal and inter-group "networking."

8.  In or prior to the Year 2014 the Defendants organized, incorporated and managed Facebook, Inc. for the purpose of reaping substantial revenues from advertising using Facebook as a "platform" for publicizing services, goods or other business products to the individuals or group members "networking" with one another on the Defendants' commercial website, Facebook.

2

9. The Plaintiffs, between 2014-2018, spent nearly One Million Dollars ($1,000,000) purchasing materials and paying for services of persons creating materials to be placed on his "boosted" Facebook Page ("Member Profile") for the purpose of publicizing human rights issues in Bangladesh and within the Bangladeshi-immigrant community inside the United States.

10. The Defendants, at no time between 2014 and 2017 communicated to the Plaintiffs that any of the materials paid for published by them on their human rights website in any respect violated their published "Facebook Community" standards or practices.

11. At no time during 2014 through 2017 did the Plaintiff alter or change the nature of their human right's "postings" in any respect. The "media content," posted in 2014 through 2018, are essentially identical in form, tone and content.

12. In 2018, the Defendants - without notice - capriciously, arbitrarily, unreasonably and against their own published administrative rules and guidelines "removed" the Plaintiffs' content from their "Facebook Page."

13. The Plaintiffs made timely written applications to the Defendants for an administrative cure of their removals from his "Facebook Page."

14. The Defendants have ignored, disregarded and intentionally failed to respond to these written applications.

15. During the time that the Defendants have ignored, disregarded and intentionally failed to respond, the other Bangladeshi and Bangladeshi immigrant-community. "Facebook Pages" - previously noted to be virtually identical to the tone,

3

content and form to the Plaintiffs' - have continued to operate without inference from or by the Defendants.

16. By reason of the foregoing, the Plaintiffs are entitled to compensatory damages - together with the costs, disbursements and reasonable attorney's fees as herein set forth below.

17. At all times alleged herein, the Defendants acted in concert with each other, consented to and ratified each and every act and omission of each and every other Defendant herein.

## FOR A FIRST CAUSE OF ACTION

18. All prior allegations are repeated.

19. The Plaintiff and the Defendants entered into a verbal and written agreement, setting forth and confirmed by a series of writing whereby the Defendants for due consideration, including fees, advertising and access to the public would place the Plaintiffs on Facebook including posts and boosts for an indefinite period of time,

20. At the commencement of the contract, the Defendants knew and understood that the Plaintiffs were Muslims and Civil Rights Activists within the Muslim/Bangladeshi community.

21. At all times herein, the Plaintiffs were in full compliance with all standards, rules, and regulations of the Defendants.

22. Without cause or justification, the Defendants banned/removed the Plaintiffs from Facebook in Breach of Contract and based upon inter-alia ethnic discrimination, causing extensive compensatory damages to the Plaintiffs.

4

## FOR A SECOND CAUSE OF ACTION

23. All prior allegations repeated.

24. All of the acts and circumstances between the Plaintiffs and the Defendants including placing Facebook Posts and other communications and contacts created a contract implied in fact whereby the Defendants for due consideration, including fees, advertising and access to the Public would place the Plaintiffs on Facebook including posts and boosts for an indefinite period of time.

25. Without justification, the Defendants banned/removed the Plaintiff from Facebook causing extensive compensatory damages to the Plaintiff.

## FOR A THIRD A CAUSE OF ACTION

26. All prior allegations are repeated.

27. All of the conduct of the Defendants constituted a clear and unambiguous promise to place the Plaintiff on Facebook for posts and boosts with foreseeable reliance by the Plaintiffs that they would be on Facebook for an indefinite period, the breach of which caused serious injury in the form of compensatory damages and said conduct constitutes recoverable Promissory Reliance.

## FOR A FOURTH CAUSE OF ACTION

28. All prior allegation are repeated.

29. The acts of the Defendants entitle Plaintiff to equitable estoppel in that to prevent the enforcement of Plaintiffs' Rights would work a fraud and/or injustice upon the Plaintiffs who justifiably relied upon the acts of the Defendants causing

5

substantial compensatory damages to the plaintiff after being banned/removed from Facebook.

## FOR A FIFTH CAUSE OF ACTION

30. All prior allegations are repeated.

31. The Defendants were unjustly enriched in the form of fees, advertising, and sale of Plaintiff's and subscribers' information; and it is against equity and good conscience to allow the Defendants to retain said enrichment and so compensatory damages that are therefore required.

## COMPLIANCE

Plaintiffs are in compliance with All Federal Rules of Civil Procedures and All Local Rules including individual Rules of the Assigned Judge.

**WHEREFORE THE PLAINTIFF DEMANDS JUDGEMENT IN THE AMOUNT OF FIVE MILLION DOLLARS PLUS INTERESTS, COSTS, AND DISBURSEMENTS.**

DATED: NOVEMBER 11, 2019

**John DeMaio**
Attorney for Plaintiff
75 Maiden Lane, Suite 205
New York, NY 10038
Tel (212) 405-2104
Fax (646) 202-1439
johnpdemaio@yahoo.com

United States District Court
Southern District of New York
-------------------------------------------------

We Are the People Inc. and Jacob Milton,

                  Plaintiff,              Case No. 1:19-CV08871-JMF

- against -

Facebook, Inc., Mark Zuckerberg,
Sheryl Sandberg

                  Defendants,

-------------------------------------------------

# AMENDED COMPLAINT

John DeMaio
Attorney for Plaintiff
75 Maiden Lane, Suite 205
New York, NY 10038
Tel (212) 405-2104
Fax (646) 202-1439
johnpdemaio@yahoo.com

7

# EXHIBIT B

# Google Maps  Facebook New York







## Facebook New York

4.0 ★★★★ (189)

Corporate office

    
Directions  Save  Nearby  Send to your phone  Share

📅 **JAN 1** Wed, Jan 1 · 7 PM
exampl in New York

 770 Broadway, New York, NY 10003

 P2J5+8F New York

🌐 facebook.com

# EXHIBIT C

Given the allegations in the Notice of Removal and related papers, there is no merit to Plaintiffs' suggestion that the Court lacks subject-matter jurisdiction, substantially for the reasons set forth in Defendants' response. Nor does the Court believe that jurisdictional discovery is warranted. In light of that, Plaintiffs' request to be "absolved of submitting" a memorandum of law in opposition to Defendant's motion is DENIED. As a courtesy, however, Plaintiffs are granted an extension until November 26, 2019, to file their opposition to the motion; Defendants shall file any reply by December 6, 2019. SO ORDERED.

November 19, 2019

United States District Court
Southern District of New York
-----------------------------------------------
We Are the People Inc. and Jacob Milton,

                      Plaintiff,                  Case No. 1:19-CV08871-JMF

- against -

Facebook, Inc., Mark Zuckerberg,
Sheryl Sandberg

                      Defendants,

-----------------------------------------------

# AFFIDAVIT IN OPPOSITION

John DeMaio
Attorney for Plaintiff
75 Maiden Lane, Suite 205
New York, NY 10038
Tel (212) 405-2104
Fax (646) 202-1439
johnpdemaio@yahoo.com

4

United States District Court
Southern District of New York
-----------------------------------------------
We Are the People Inc. and Jacob Milton,

                    Plaintiff,              Case No. 1:19-CV08871-JMF

- against -

Facebook, Inc., Mark Zuckerberg,
Sheryl Sandberg

                    Defendants,

-----------------------------------------------

# MEMORANDUM OF LAW

**John DeMaio**
Attorney for Plaintiff
75 Maiden Lane, Suite 205
New York, NY 10038
Tel (212) 405-2104
Fax (646) 202-1439
johnpdemaio@yahoo.com

1

## TABLE OF AUTHORITIES

i.         Federal Rules of Civil Procedure 12(b)(1)

ii.        Federal Rules of Civil Procedure 26(4)(b)

iii.       Hertz Corp. v. Friend 559 U.S. 771, 130 S. Ct. 118 (2010)

## STATEMENT OF FACTS

This Case was commenced in State Court and was Removed, on the basis of Diversity of Citizenship.

To date, no disclosure has occurred with regard to the Residence, for Diversity purposes of Facebook, Inc. or with regard to the Residences of the two individual Defendants.

## POINT I
### SUBJECT MATTER JURISDICTION CANNOT BE WAIVED

Under the Federal Rules of Civil Procedure, a Motion to Dismiss for lack of Subject Matter Jurisdiction is considered a favored defense and may be raised at any point in the litigation process, even in the parties had previously argued that Subject Matter Jurisdiction existed. In fact, the Court may dismiss a case sua sponte for lack of Subject Matter Jurisdiction **(Fed. R. Civ. Proc. 12(b)(1).**

At some point, the issue of Subject Matter Jurisdiction will have to be resolved; and judicial economy suggests it be resolved at the outset of the litigation.

## POINT II
### THE FEDERAL RULES ALLOW FOR BROAD DISCLOSURE

The standard for Disclosure is set forth as follows:

**"(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable..." (Fed. R. Civ. Proc. 26(b)(1).**

Without questions, the Federal Rules of Civil Procedure are broad enough to require an inquiry into Subject Matter Jurisdiction.

## POINT III
### THE NERVE CENTER OF A CORPORATION DETERMINES ITS RESIDENCY

It is not disputed that Facebook, Inc. maintains a massive headquarters in Manhattan **(B)**; and The Supreme Court has established the standard to determine corporate residency namely the location of it's "nerve center", that is "where the majority of its executive and administrative functions are employed" **(Hertz v. Friend 559 U.S. 77, 130 S. Ct. 1181((2010)))**.

Only Disclosure can determine the location of Facebook's "nerve center".

**WHEREFORE THE MOTION SHOULD BE DENIED AND DISCLOSURE ORDERED.**

DATED: November 25th, 2019

_____
**John P. DeMaio**
*Attorney for Plaintiffs*
75 Maiden Lane, Suite 205
New York, NY 10038
T: 212-405-2104
F: 646-202-1439
johnpdemaio@yahoo.com